IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES RAMAGE,

    Plaintiff,

v.    //    CIVIL ACTION NO. 1:11CV97
    (Judge Keeley)

MARION COUNTY SHERIFF OFFICER GERARD,
MARION COUNTY SHERIFF OFFICER BEARDEN,
MARION COUNTY SHERIFF OFFICER CARPENTER,
MEMBER OF MARION COUNTY COMMISSION,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 17, 2011, the pro se plaintiff, James Ramage ("Ramage"), filed a civil rights complaint against the above-named defendants and also filed a motion to proceed in forma pauperis (dkt. nos. 1, 2). In accordance with L.R. Civ. P. 72.01(d)(6), the Court referred this matter to United States Magistrate Judge John S. Kaull who, on April 27, 2012, denied the plaintiff's motion to proceed in forma pauperis and notified him that this action would be dismissed unless he paid the requisite filing fee and effected service upon the defendants within thirty (30) days. (Dkt. No. 7). Although the plaintiff acknowledged receipt of this Order on May 8, 2012 (dkt. no. 8), he has taken no further action in this case.

On July 26, 2012, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that this action be dismissed without prejudice for failure to pay filing fees and failure to comply with the Court's orders concerning service of the defendants. (Dkt. No. 9). The R&R also

**RAMAGE V. MARION COUNTY SHERIFF OFFICER GERARD, ET AL.   1:11CV97**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

specifically warned Ramage that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. The copy of the R&R that was sent to the plaintiff has been returned unclaimed,[1] and he has not otherwise filed any objections.[2] Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 9), **DISMISSES** this case **WITHOUT PREJUDICE** and **ORDERS** that it be stricken from the Court's docket.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: October 4, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The Clerk provided Ramage with a Notice of General Guidelines For Appearing Pro Se in Federal Court on June 17, 2011, (dkt. no. 3) and an Amended Notice on June 21, 2011. (Dkt. No. 4). The Notice directed Ramage to keep the Court and opposing counsel, if any, advised of his most current address at all times, and warned explicitly that "Failure to do so may result in your action being dismissed without prejudice."

[2] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).